IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


JOHN W. HARDY                                                                                    PLAINTIFF

VS.                                                                                          No. 2:05CV203-P-A

PANOLA COUNTY SHERIFF'S DEPARTMENT;
[DAVID M. BRYAN, DECEASED]/ IDA BRYAN,
INTERIM SHERIFF OF PANOLA COUNTY,
MISSISSIPPI; JAMES RUDD, UNDER SHERIFF;
CRAIG SHELEY, CHIEF DEUPTY SHERIFF;
PANOLA COUNTY BOARD OF SUPERVISORS;
JAMES BIRGE, SUPERVISOR DISTRICT ONE;
ROBERT AVANT, SUPERVISOR DISTRICT TWO;
MACK BENSON, SUPERVISOR DISTRICT THREE;
JERRY PERKINS, SUPERVISOR DISTRICT FOUR; and
WILLIAM J. WALDRUP, SUPERVISOR DISTRICT FIVE                    DEFENDANTS


**MEMORANDUM OPINION**

This matter comes before the court on the October 26, 2006, separate motions by the Panola County Board of Supervisors and the remaining defendants for summary judgment. The *pro se* plaintiff responded to the motions for summary judgment December 11, 2006. The matter is ripe for resolution. For the reasons set forth below, the instant case shall be dismissed with prejudice under Mississippi's general statute of limitations.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to

permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving

party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts

On June 22, 1999, former Panola County Jail Administrator Hugh "Shot" Bright, published and circulated within the Panola County Sheriff's Department a memo stating that Hardy's bail bonds company, USR Bonding Co., was not allowed to write felony bail bonds returnable to Justice Court. Defendant James Rudd (former Chief Deputy) and Shot Bright (former jail administrator and current Sheriff) were instructed by their respective superiors to inform bail bondsmen that all bonds should be returnable to Circuit Court. Rudd and Bright so informed the bail bondsmen, including the plaintiff. This was an administrative decision based on efficiency. Specifically, by making all felony bonds returnable to Circuit Court, a bail bondsman would only be required to bring a defendant to Circuit Court when and if the defendant was indicted by the grand jury.

Both Rudd and Bright also recall that Circuit Court Judges Carlson and Baker wanted all felony bonds returnable to Circuit Court. Thus, after an indictment, the Department would simply have to notify the bondsman of the arraignment date. The bondsman in turn would produce the defendant at the arraignment. Rudd and Bright submit that this is the simplest, most straightforward procedure. Indeed, the procedure remains in effect today.

The plaintiff Hardy was prohibited from writing felony bonds to Justice Court because he refused to follow the appropriate procedure. As a result, the memo in question was circulated within the Department. The plaintiff was not prohibited from writing any bail bonds whatsoever, only from writing felony bail bonds returnable to Justice Court. Indeed, after the circulation of the memo, the plaintiff occasionally wrote bail bonds returnable to Circuit Court, and these

3

bonds were accepted by the Department. The plaintiff's license to write bail bonds was later revoked November 22, 2004 by the Mississippi Insurance Commissioner. As such, Hardy was prohibited from writing any bonds in the state of Mississippi for over two years.

## The Plaintiff's Claims

The plaintiff put forward a variety of claims in his complaint, but he has abandoned his state law claims prior to this stage of litigation. The claims are listed below:[1]

1. Federal Due Process under 42 U.S.C. § 1983;

2. Negligence under Mississippi law;

3. Breach of fiduciary duty under Mississippi law;

4. Defamation, libel and slander, under Mississippi law.

The defendants have set forth a multitude of defenses against the plaintiff's claims, and many of them have merit. In the interest of simplicity, however, the court shall address only the plaintiff's waiver of the state law claims and the affirmative defense of the statute of limitations for the federal claims.

First, the plaintiff waived his prosecution of the state law claims during his deposition, when the following exchange took place:

> Q    Have you brought a claim under state law in this Complaint, Amended Complaint?
>
> A    No, I haven't.
>
> Q    Okay. So all of your claims are brought pursuant to federal statutes like 42 U.S.C. 1983?

---

[1] The plaintiff mentions his First Amendment right to freedom of speech in his complaint but does not allege facts showing that his First Amendment rights have been abridged. As such, he has waived this claim.

A   Yes.

Q   You are not bringing – I just want to make sure, just to clean it up. You are not making any claims under the Mississippi Tort Claims Act or anything like that?

A   No.

Deposition Transcript of John W. Hardy, p. 62-63. The plaintiff has thus waived his claims under Mississippi law, and the court shall respect that waiver.

The waiver of the plaintiff's state law claims necessarily limited his claims in this case to those he could bring under 42 U.S.C. § 1983. These § 1983 claims are, however, subject to Mississippi's three-year statute of limitations, which had long expired prior to the initiation of this suit. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). In this case, that moment occurred when the plaintiff discovered the new policy regarding the handling of bail bonds in Panola County, Mississippi. The procedure had been changed for some time, but the plaintiff kept attempting to write felony bonds returnable to the Justice Court, rather than to the Circuit Court, in contravention of the newly established procedure. At the very latest, the plaintiff new of this new procedure by the time the memo of which he complains was promulgated on June 22, 1999; indeed, the memo was promulgated because of the plaintiff's continued defiance of the new procedure. Thus, the

plaintiff's deadline for filing the instant suit expired three years later on June 24, 2002.[2] The plaintiff filed the instant suit on October 4, 2005, over three years after the expiration of the statute. He has not set forth any rationale for tolling the statute in this case. As such, the plaintiff's claims under 42 U.S.C. § 1983 must be dismissed as untimely filed under MISS. CODE ANN. § 15-1-49. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2]The calculated date of expiration, June 22, 2002, fell on a Saturday, so the statute stopped running until the next business day, June 24, 2002. MISS. R. CIV. P. 6.